# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 98-20354
Summary Calendar

CECILE MITCHELL; AMELIA THOMPSON,

Plaintiffs-Appellants,

versus

MARINER HEALTH; BARBARA MARTIN,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(H-96-CV-2968)

December 10, 1998

Before POLITZ, Chief Judge, HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Cecile Mitchell and Amelia M. Thompson appeal an adverse summary judgment in their claims under Title VII,[1] section 1981,[2] the Age Discrimination in Employment Act (ADEA),[3] and under state law against Mariner Health, Villa Northwest Nursing Home, and Barbara Martin. For the reasons assigned we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]42 U.S.C. § 2000e **et seq.**

[2]42 U.S.C. § 1981.

[3]29 U.S.C. § 621 **et seq.**

## BACKGROUND

Mitchell and Thompson – nursing assistants formerly employed by Mariner – were fired after Martin, the Mariner administrator, received complaints from an elderly patient that she had been abused by them.[4] Mitchell and Thompson, both black, filed the instant action alleging that race played a role in their discharge. Mitchell, who is fifty-eight, added that age factored into the decision regarding her termination. Further, both contend that the accusations of patient abuse were false and constituted intentional infliction of emotional distress.[5]

## ANALYSIS

In its disposition, the district court assumed, *arguendo,* that Mitchell and Thompson had made out a *prima facie* case of race discrimination in violation of Title VII and § 1981, and age discrimination in violation of the ADEA.[6] Thereafter, the court found that Martin had satisfied the defendants' burden of articulating a legitimate, nondiscriminatory reason for the discharge, specifically the allegations of patient abuse.[7] To rebut the charges of patient abuse as a pretext

---

[4]Mitchell and Thompson had been suspended before because of alleged deficiencies in patient care and had been warned that any further such allegations would result in discharge.

[5]They also asserted that they had been defamed by the charges, but they withdrew that claim.

[6]To establish a prima facie case (under Title VII and § 1981 to prove race discrimination or under the ADEA to prove age discrimination), the plaintiff must show that: (1) she is a member of a protected group; (2) she is qualified; (3) she was terminated; and (3) she was replaced with an individual outside her protected group or, in the case of age discrimination, someone substantially younger than she. **See McDonnell Douglas Corp. v. Green**, 411 U.S. 792 (1973); **O'Connor v. Consolidated Coin Caterers Corp.**, 517 U.S. 308 (1996); **Urbano v. Continental Airlines, Inc.**, 138 F.2d 204 (5th Cir. 1998).

[7]**See Texas Dep't of Community Affairs v. Burdine**, 450 U.S. 248 (1981).

for race discrimination, Mitchell and Thompson offered evidence that white employees charged with patient abuse had not been discharged.  They failed, however, to establish that the circumstances surrounding those instances were similar to theirs.  To show pretext for age discrimination, Mitchell introduced an affidavit stating that Martin had commented on her long tenure and her age several times; additionally, she claimed that older workers had been terminated.  The district court was not persuaded that this was evidence from which a rational fact-finder could infer pretext.[8]

As to the state law claim, the district court determined that charges relating to patient abuse – the sole basis of that claim – did not satisfy the applicable standard, which requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized society."[9]

A *de novo* review of the record leads us to the same conclusion as that reached by the district court.  Viewing the evidence in the light most favorable to the appellants, we must conclude that no reasonable trier of fact could find that they were discharged either because of race or age.  Nor can there can be any viable claim that the patient abuse accusations against appellants constitute an intentional infliction of emotional distress under dispositive state law.

For these reasons and those discussed in the district court's opinion, the

---

[8]**See Rhodes v. Guiberson Oil Tools**, 75 F.3d 989 (5th Cir. 1996) (en banc).

[9]**Wornick Co. v. Casas**, 856 S.W.2d 732, 734 (Tex. 1993) (internal quotations and citation omitted).

judgment appealed is AFFIRMED.